**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **LYN MARIE STEVENS,** | ) |
| | ) |
| **Plaintiff.** | ) |
| v. | ) CAUSE NO: 3:16-cv-481 |
| | ) |
| **FRANCISCAN ALLIANCE, INC.,A/K/A** | ) |
| **FRANCISCAN SAINT ANTHONY** | ) |
| **HEALTH-MICHIGAN CITY ,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case.

The Plaintiff, Lyn Marie Stevens ("Stevens" and/or "Plaintiff"), brings this action against her former employer, Franciscan Alliance, Inc., a/k/a Franciscan Saint Anthony Health-Michigan City ("Defendant"), pursuant to the Americans with Disabilities Amendments Act ("ADAAA'), as amended, 42 U.S.C. § 12101 *et seq*.

### II.  Parties.

1.      Stevens, at all times relevant to this action, resided within the geographical boundaries of the Northern District of Indiana.

2.      Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana.

### III.  Jurisdiction and Venue.

3.      Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

4.      Stevens was an "employee" within the meaning of 42 U.S.C. § 12111(5).

5.      Stevens satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 470-2016-00735) with the United States Equal Employment

Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights brings

this original action within ninety (90) days of her receipt thereof.

6.      Jurisdiction is conferred on this Court by 42 U.S.C. § 12117.

7.      Plaintiff is an individual who has been regarded as having a disability as that term

is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability as

that term is defined by the ADA, 42 U.S.C.  § 12101(2) and 12111(8) and/or record of disability.

Plaintiff was a "qualified individual with a disability," at all times relevant.

8.      All facts, events, and transactions giving rise to this lawsuit occurred within the

geographic environs of the Northern District of Indiana; thus, venue is proper in this Court

## IV.  Factual Allegations

9.      Stevens commenced her employment with Defendant in 2002.  Stevens' last

position with Defendant was that of Nurse Practitioner.

10.     Throughout her employment, Stevens continuously met the legitimate and

reasonable expectations associated with her position.  By way of example and not limitation,

Stevens continually received positive performance evaluations

11.     Stevens has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C).   At all times

relevant to this action, Stevens has been a "qualified individual" as that term is defined by 42

U.S.C. § 12111(8).

12.     Specifically, in 2014 Stevens suffered a traumatic brain injury as a result of an

accident.  However, by October 19, 2014, Stevens had returned to work without any restrictions.

13.     On or about September 9, 2015 Defendant suspended Stevens from work.

14.     At the time of her suspension, Defendant informed Stevens that they believed she

was not fit for duty.   In addition, Defendant immediately required Stevens to undergo a drug screen.  Thereafter, Defendant required Stevens to undergo a series of medical tests.  Said tests were not proper medical inquiries.

15.     Defendant's reasons for ordering Stevens to undergo such tests and suspending Stevens are pretextual.

16.     Indeed, prior to said suspension (which was unpaid) Stevens had not engaged in any conduct which would warrant the necessity of such tests.  Regardless, Stevens complied with Defendant's unlawful requests and provided the necessary medical documentation including medical documentation indicating that there was nothing preventing her from performing her usual duties.  In addition, Stevens' drug screen came back negative.

17.     Thereafter, on or about October 19, 2015 Stevens returned to work.  However, Defendant allowed Stevens to return to work but informed her that she would not be allowed to provide direct patient care and instead would handle administrative duties.

18.     From October 19, 2015 through November 19, 2015, Stevens performed her job assignments to the legitimate expectations of Defendant.  Nevertheless, on November 19, 2015, Defendant once again placed Stevens on medical leave / suspension from work.

19.     Any reason offered by Defendant regarding forcing Stevens on unpaid medical leave (suspension) is pretextual.

20.     Moreover, Stevens requested that Defendant at least accommodate her by allowing her to continue to work in her position handling the administrative duties yet Defendant unilaterally denied this request.

21.     Indeed, Stevens could still perform the essential functions of her job with and/or without a reasonable accommodation.

22.     Moreover, at the minimum, Defendant could have allowed Stevens to continue in her administrative duty role without any undue hardship since such position and/or work was available.  Instead, Defendant ordered Stevens to undergo additional testing at her own expense and did not allow Stevens to return to work despite Stevens' ability to perform the duties of her position of Nurse Practitioner with and/or without a reasonable accommodation.

23.     Defendant also failed to engage in the proper interactive process in violation of the ADAAA.   Instead, Defendant failed to accommodate Stevens by allowing her to continue in the administrative duties position and then retaliated against her in violation of the ADAAA for seeking such an accommodation.

24.     On or about December 28, 2015, after having not been allowed to return to work, Stevens filed a Charge of Discrimination and Retaliation against Defendant.  The Charge was only filed after Stevens repeatedly had informed Defendant, and provided medical documentation of her ability to return to work without restrictions.

25.     On or about, February 1, 2016, and only after the filing of said Charge did Defendant allow Stevens to return to work.

26.     Defendant's unlawful adverse actions against Stevens are due to her disability and/or record of disability or alternatively Defendant's unlawfully regarding and/or perceiving Stevens as having a disability.

27.     Finally, at the minimum, Defendant failed to accommodate Stevens by not allowing Stevens to remain working a forty (40) hours (work week) and/or at the minimum allow her to work a full work week while performing her administrative duties as a continuing accommodation while she engaged in further medical evaluations.

28.     Similarly situated employees who are not disabled, do not have a record of

disability, and/or are not regarded as disabled have been treated more favorably by Defendant with regard to their terms and conditions of employment.

29.     Stevens has been unlawfully discriminated and retaliated against in violation of the ADAAA as amended, 42 U.S.C. § 12102(1)(A-C) *et seq*.

30.     Defendant's actions have been intentional, willful, and taken in reckless disregard for Stevens' rights.

31.     Stevens has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions.  Indeed, Stevens has suffered lost wages as a result of Defendant's unlawful actions.

### V.  Legal Causes of Action

### COUNT I.  ADAAA DISCRIMINATION

32.     Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33.     Stevens suffers from a disability and has a physical and/or mental impairment which substantially limits one or more of her major bodily functions / life activities.  Stevens suffered from a previous traumatic brain injury and was diagnosed with depression.  Such a neurological condition can cause fatigue, sleeplessness, and/or depression.

34.     Alternatively, Defendant unreasonably regarded Stevens as having a disability that interfered with her ability to perform her job.

35.     Defendant suspended and/or forced Stevens on an unpaid leave based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

36.     As a result of said discriminatory actions Stevens suffered lost wages, lost working hours, and was subjected to humiliation, loss of esteem, and emotional distress.

37.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevens' rights as protected by the ADA, as amended.

### COUNT II.  ADAAA RETALIATION

38.     Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint herein.

39.     Defendant terminated Stevens in retaliation for her request for a reasonable accommodation including but not limited to her request that Defendant allow her to remain working after September 9, 2015, even if it meant limiting her duties to primarily administrative duties and/or limiting her work at times to forty (40) hours per week.

40.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevens' ADA rights.

### COUNT  III.   ADAAA FAILURE TO ACCOMMODATE

41.     Plaintiff hereby incorporates paragraphs one (1) through forty (40) of her Complaint herein.

42.     Stevens' request for being allowed to continue to work constitutes a reasonable accommodation under the ADAAA.

43.     Defendant denied Stevens' reasonable accommodation under the ADAAA.

44.     Defendant's actions were intentional, willful, and in reckless disregard of Stevens' rights as protected by the ADAAA.

### COUNT IV.  ADAAA FAILURE TO INTERACT

45.     Plaintiff hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint herein.

46.     Defendant failed to engage in the interactive process with Stevens to explore any

legitimate potential reasonable accommodations.

47.     Stevens' request to be allowed to continue to work a full schedule, a full schedule with a slight change of duties, and/or a vacant administrative position was a reasonable accommodation.

48.      Defendant's actions were intentional, willful, and in reckless disregard of Stevens' rights as protected by the ADAAA.

## COUNT V.  ADAAA UNLAWFUL MEDICAL INQUIRY

49.     Plaintiff hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint herein.

50.     Regardless of Stevens' status under the ADAAA, Stevens does "not" need to be a qualified individual with a disability to be protected under 42 U.S.C. § 12112(d)(4)(A) from improper medical inquiries.  *Murdock v. Washington*, 193 F.3d 510 (7th Cir. 1999).

51.     Defendant's medical inquiries of Stevens were not job related and consistent with business necessity.

52.     Stevens suffered harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lyn Stevens by counsel, requests that this Court find for her and order that Defendant:

1.     Pay to Plaintiff all of her lost wages and benefits;

2.     Pay to Plaintiff compensatory damages;

3.     Pay to Plaintiff punitive damages;

4.     Pay to Plaintiff pre- and post- judgment interest;

5.     Pay Plaintiff's costs and attorney fees incurred in litigating this ; and

6.      Pay to Plaintiff any and all other damages and/or relief deemed appropriate and

just by this Court.

Respectfully submitted,


 s/ *Ryan P. Sink*
Ryan P. Sink

FOX WILLIAMS & SINK, LLC
8465 Keystone Crossing
Suite 250
Indianapolis, Indiana 46240

Phone: 317-254-8500
Fax: 844-273-6464

Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

 s/ *Ryan P. Sink*
Ryan P. Sink