# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LYN MARIE STEVENS | ) | |
|     Plaintiff, | ) | Case No.:3:16-cv-481-JD-MGG |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| FRANCISCAN ALLIANCE, INC., a/k/a | ) | |
| FRANCISCAN SAINT ANTHONY HEALTH- | ) | |
| MICHIGAN CITY | ) | |
|     Defendant. | ) | |

## ANSWER

Defendant Franciscan Alliance, Inc., a/k/a Franciscan Saint Anthony Health-Michigan City, more properly known as Franciscan St. Anthony Health-Michigan City (collectively, "Franciscan"), by counsel, and for its Answer to Plaintiff's Complaint and Demand for Jury Trial ("Complaint"), states as follows:

1. Stevens, at all times relevant to this action, resided within the geographical boundaries of the Northern District of Indiana.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant is a domestic nonprofit corporation which maintains offices and conducts business within the Northern District of Indiana.

**ANSWER**: Franciscan admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A),

**ANSWER:** Franciscan admits the allegations contained in paragraph 3 of the Complaint.

4. Stevens was an "employee" within the meaning of 42 U.S.C. § 12111(5).

**ANSWER:** Franciscan admits the allegations contained in paragraph 4 of the Complaint.

5. Stevens satisfied her obligation to exhaust her administrative remedies and having timely filed charge (Charge No. 470-2016-00735) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and receiving her Notice of Suit Rights brings this original action within ninety (90) days of her receipt thereof.

**ANSWER**: Franciscan admits that Stevens filed Charge No. 470-2016-00735 with the EEOC, the EEOC issued a Notice of Suit Rights in response to such Charge, and Stevens filed her Complaint within 90 days of the EEOC's issuance of the Notice of Suit Rights. Franciscan denies that Stevens is entitled to any relief as a result of her Charge or Complaint and denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Jurisdiction is conferred on this Court by 42 U.S.C. § 12117.

**ANSWER:** Franciscan admits that Plaintiff's allegations constitute a federal question making jurisdiction proper in this Court pursuant to 42 U.S.C. § 12117. Franciscan denies, however, that Plaintiff is entitled to any relief from this Court based upon her allegations.

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8) and/or record of disability. Plaintiff was a "qualified individual with a disability," at all times relevant.

**ANSWER:** Franciscan denies the allegations contained in paragraph 7 of the Complaint.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court.

**ANSWER:** Franciscan admits that venue in this Court, the Northern District of Indiana, is proper. Franciscan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Stevens commenced her employment with Defendant in 2002. Stevens' last position with Defendant was that of Nurse Practitioner.

**ANSWER**: Franciscan admits the allegations contained in paragraph 9 of the Complaint.

10. Throughout her employment, Stevens continuously met the legitimate and reasonable expectations associated with her position. By way of example and not limitation, Stevens continually received positive performance evaluations.

**ANSWER:** Franciscan denies the allegations contained in paragraph 10.

11. Stevens has a "disability" under 42 U.S.C. § 12102(1)(A)(B)(C). At all times relevant to this action, Stevens has been a "qualified individual" as that term is defined by 42 U.S.C. 12111(8).

**ANSWER**: 42 U.S.C. §12102 (1)(A)(B)(C) is not a valid section of the U.S. Code, and Franciscan denies the allegations contained in paragraph 11 of the Complaint.

12. Specifically, in 2014 Stevens suffered a traumatic brain injury as a result of an accident. However, by October 19, 2014, Stevens had returned to work without any restrictions.

**ANSWER:** Franciscan admits that Stevens returned to work on or about October 19, 2014, but denies that she had no restrictions. Franciscan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

13. On or about September 9, 2015 Defendant suspended Stevens from work.

**ANSWER**: Franciscan admits that Stevens was placed on leave on or about September 9, 2015, but denies the remaining allegations contained in paragraph 13 of the Complaint.

14. At the time of her suspension, Defendant informed Stevens that they believed she was not fit for duty. In addition, Defendant immediately required Stevens to undergo a drug screen. Thereafter, Defendant required Stevens to undergo a series of medical tests. Said tests were not proper medical inquiries.

**ANSWER:** Franciscan admits that: Plaintiff was placed on leave due to concerns about her ability to safely perform her job duties; she was required to undergo a drug screen; and she was required to undergo a medical examination to evaluate her ability to safely perform her job duties. Franciscan denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant's reasons for ordering Stevens to undergo such tests and suspending Stevens are pretextual.

**ANSWER:** Franciscan denies the allegations contained in paragraph 15 of the Complaint.

16. Indeed, prior to said suspension (which was unpaid) Stevens had not engaged in any conduct which would warrant the necessity of such tests. Regardless, Stevens complied with Defendant's unlawful requests and provided the necessary medical documentation including

medical documentation indicating that there was nothing preventing her from performing her usual duties. In addition, Stevens' drug screen came back negative.

**ANSWER:** Franciscan admits that Stevens' drug screen results were negative but denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Thereafter, on or about October 19, 2015 Stevens returned to work. However, Defendant allowed Stevens to return to work but informed her that she would not be allowed to provide direct patient care and instead would handle administrative duties.

**ANSWER**: Franciscan admits the allegations contained in paragraph 17 of the Complaint.

18. From October 19, 2015 through November 19, 2015, Stevens performed her job assignments to the legitimate expectations of Defendant. Nevertheless, on November 19, 2015, Defendant once again placed Stevens on medical leave/suspension from work.

**ANSWER:** Franciscan denies the allegations contained in paragraph 18 of the Complaint.

19. Any reason offered by Defendant regarding forcing Stevens on unpaid medical leave (suspension) is pretextual.

**ANSWER:** Franciscan denies the allegations contained in paragraph 19 of the Complaint.

20. Moreover, Stevens requested that Defendant at least accommodate her by allowing her to continue to work in her position handling the administrative duties yet Defendant unilaterally denied this request.

**ANSWER:** Franciscan denies the allegations contained in paragraph 20 of the Complaint.

21. Indeed, Stevens could still perform the essential functions of her job with and/or without a reasonable accommodation.

**ANSWER:** Franciscan denies the allegations contained in paragraph 21 of the Complaint.

22. Moreover, at the minimum, Defendant could have allowed Stevens to continue tin her administrative duty role without any undue hardship since such position and/or work was available. Instead, Defendant ordered Stevens to undergo additional testing at her own expense and did not allow Stevens to return to work despite Stevens' ability to perform the duties of her position of Nurse Practitioner with and/or without a reasonable accommodation.

**ANSWER:** Franciscan denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant also failed to engage in the proper interactive process in violation of the ADAAA. Instead, Defendant failed to accommodate Stevens by allowing her to continue in the administrative duties position and then retaliated against her in violation of the ADAAA for seeking such an accommodation.

**ANSWER:** Franciscan denies the allegations contained in paragraph 23 of the Complaint.

24. On or about December 28, 2015, after having not been allowed to return to work, Stevens filed a Charge of Discrimination and Retaliation against Defendant. The Charge was only filed after Stevens repeatedly had informed Defendant, and provided medical documentation of her ability to return to work without restrictions.

**ANSWER:** Franciscan admits that Plaintiff filed a Charge with the EEOC on or about December 28, 2015, alleging disability discrimination and retaliation. Franciscan denies the remaining allegations contained in paragraph 24 of the Complaint.

25. On or about, February 1, 2016, and only after the filing of said Charge did Defendant allow Stevens to return to work.

**ANSWER:** Franciscan denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant's unlawful adverse actions against Stevens are due to her disability and/or record of disability or alternatively Defendant's unlawfully regarding and/or perceiving Stevens as having a disability.

**ANSWER:** Franciscan denies the allegations contained in paragraph 26 of the Complaint.

27. Finally, at a minimum, Defendant failed to accommodate Stevens by not allowing Stevens to remain working a forty (40) hours (work week) and/or at the minimum allow her to work a full work week while performing her administrative duties as a continuing accommodation while she engaged in further medical evaluations.

**ANSWER:** Franciscan denies the allegations contained in paragraph 27 of the Complaint.

28. Similarly situated employees who are not disabled, do not have a record of disability, and/or are not regarded as disabled have been treated more favorably by Defendant with regard to their terms and conditions of employment.

**ANSWER:** Franciscan denies the allegations contained in paragraph 28 of the Complaint.

29. Stevens has been unlawfully discriminated and retaliated against in violation of the ADAAA as amended, 42 U.S.C. § 12102(1)(A-c) *et seq.*

**ANSWER:** Franciscan denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant's actions have been intentional, willful, and taken in reckless disregard for Stevens' rights.

**ANSWER:** Franciscan denies the allegations contained in paragraph 30 of the Complaint.

31. Stevens has been and continues to be economically, physically, and emotionally harmed because of Defendant's discriminatory and retaliatory actions. Indeed, Stevens has suffered lost wages as a result of Defendant's unlawful actions.

**ANSWER:** Franciscan denies the allegations contained in paragraph 31 of the Complaint as if fully stated herein.

32. Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

**ANSWER:** Franciscan incorporates by reference its responses to paragraphs 1 through 31 of the Complaint.

33. Stevens suffers from a disability and has a physical and/or mental impairment which substantially limits one or more of her major bodily functions/life activities. Stevens suffered from a previous traumatic brain injury and was diagnosed with depression. Such a neurological condition can cause fatigue, sleeplessness, and/or depression.

**ANSWER:** Franciscan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. Alternatively, Defendant unreasonably regarded Stevens as having a disability that interfered with her ability to perform her job.

**ANSWER:** Franciscan denies the allegations contained in paragraph 29 of the Complaint.

35. Defendant suspended and/or forced Stevens on an unpaid leave based on her disability, record of disability, and/or its unlawful perception (regarded as) of her being disabled.

**ANSWER:** Franciscan denies the allegations contained in paragraph 35 of the Complaint.

36. As a result of said discriminatory actions Stevens suffered lost wages, lost working hours, and was subjected to humiliation, loss of esteem, and emotional distress.

**ANSWER:** Franciscan denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevens' rights as protected by the ADA, as amended.

**ANSWER:** Franciscan denies the allegations contained in paragraph 37 of the Complaint.

38. Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint herein.

**ANSWER:** Franciscan incorporates by reference its responses to paragraphs 1 through 37 of the Complaint as if fully stated herein.

39. Defendant terminated Stevens in retaliation for her request for a reasonable accommodation including but not limited to her request that Defendant allow her to remain working after September 9, 2015, even if it meant limiting her duties to primarily administrative duties and/or limiting her work at times to forth (40) hours per week.

**ANSWER:** Franciscan denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevens' ADA rights.

**ANSWER:** Franciscan denies the allegations contained in paragraph 40 of the Complaint.

41. Plaintiff hereby incorporates paragraphs one (1) through forty (40) of her Complaint herein.

**ANSWER:** Franciscan incorporates by reference its responses to paragraphs 1 through 40 of the Complaint as if fully stated herein.

42. Stevens' request for being allowed to continue to work constitutes a reasonable accommodation under the ADAAA.

**ANSWER:** Franciscan denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denied Stevens' reasonable accommodation under the ADAAA.

**ANSWER:** Franciscan denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant's actions were intentional, willful, and in reckless disregard of Stevens' rights as protected by the ADAAA.

**ANSWER:** Franciscan denies the allegations contained in paragraph 44 of the Complaint.

45. Plaintiff hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint herein.

**ANSWER:** Franciscan incorporates by reference its responses to paragraphs 1 through 44 of the Complaint as if fully stated herein.

46. Defendant failed to engage in the interactive process with Stevens to explore any legitimate potential reasonable accommodations.

**ANSWER:** Franciscan denies the allegations contained in paragraph 46 of the Complaint.

47. Stevens' request to be allowed to continue to work a full schedule, a full schedule with a slight change of duties, and/or a vacant administrative position was a reasonable accommodation.

**ANSWER:** Franciscan denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant's actions were intentional, willful, and in reckless disregard of Stevens' rights as protected by the ADAAA.

**ANSWER:** Franciscan denies the allegations contained in paragraph 48 of the Complaint.

49. Plaintiff hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint herein.

**ANSWER:** Franciscan incorporates by reference its responses to paragraphs 1 through 49 of the Complaint as if fully stated herein.

50. Regardless of Stevens' status under the ADAAA, Stevens does "not" need to be a qualified individual with a disability to be protected under 42 U.S.C. § 12112(d)(4)(A) from improper medical inquiries. *Murdock v. Washington,* 193 F.3d 510 (7th Cir. 1999).

**ANSWER:** Franciscan denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant's medical inquiries of Stevens were not job related and consistent with business necessity.

**ANSWER:** Franciscan denies the allegations contained in paragraph 51 of the Complaint.

52. Stevens suffered harm as a result of Defendant's unlawful actions.

**ANSWER:** Franciscan denies the allegations contained in paragraph 52 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Without conceding that Plaintiff has suffered any damages, she has failed to mitigate or minimize her damages.

2. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination she filed with the U.S. Equal Employment Opportunity Commission, Charge No. 470-2016-00735.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, to the extent they were not presented to the appropriate administrative agency in a timely fashion, and to the extent that they did not occur within the timeframes prescribed by law.

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

5. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business justifications, without regard to any disability, prior complaints, or any other protected characteristic.

6. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Franciscan denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

7. Plaintiff's claims are barred by the doctrines of estoppel and/or unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff was at all relevant times an at will employee.

10. Franciscan reserves the right to amend its affirmative defenses based on information learned through discovery and investigation.

IN ADDITION, Franciscan asserts that all allegations in the Complaint that are not expressly admitted in this Answer are hereby denied, and that Plaintiff is entitled to a jury only if allowed by law.

WHEREFORE, Franciscan prays that Plaintiff Lyn Stevens recover nothing by way of her Complaint, that judgment be entered in favor of Franciscan and against Plaintiff, for its costs, and for all other relief just and proper in the premises.

|  |  |
|---|---|
| Date: <u>September 14, 2016</u> | /s/ Amy J. Adolay<br>Amy J. Adolay, Esq., Atty. No. 23147-49<br>KRIEG DEVAULT LLP<br>12800 North Meridian Street, Suite 300<br>Carmel, Indiana 46032<br>(317) 238-6330 [voice]<br>(317) 636-1507 [facsimile]<br>Email: aadolay@kdlegal.com<br><br>*Attorneys for Defendant,*<br>*Franciscan St. Anthony Health-Michigan City* |

Respectfully submitted,

## CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2016, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Ryan P. Sink
    rsink@fwslegal.com
    FOX WILLIAMS & SINK, LLC
    8465 Keystone Crossing
    Suite 250
    Indianapolis, Indiana 46240


    /s/ Amy J. Adolay

KD_8374667_2.docx